FREEMAN SNOW & another *vs.* INHABITANTS OF WARE.

When a party makes a special agreement to do certain work within a fixed time, and fails to do it in the manner and within the time agreed, yet if he acts in good faith, and the other party receives a benefit from the work which is done, the law implies a promise by him to pay such sum therefor as the benefit which he receives is reasonably worth to him, and he is liable for such sum, in an action of indebitatus assumpsit.

County commissioners ordered a road to be altered and repaired by a town, in a certain manner and within a certain time: The town chose a committee to superintend the alterations and repairs, and to contract for payment therefor: The committee put up the work, at auction, to the lowest bidder, and A. became such bidder, and did work on the road, for which he sued the town, in an action of indebitatus assumpsit: The town gave evidence, in defence, that the committee, when they put up the work at auction, announced that the road was to be made more thoroughly and safely, in certain particulars, than was required by the order of the commissioners, and that A. had not so made the road.  *Held*, that A., for the purpose of showing that he performed his work on the road in good faith, might give evidence that he did not hear the announcement of the committee, at the auction, but believed that he undertook to do the work on the road in the manner prescribed by the order of the commissioners.

In an action against a town to recover pay for repairing a road which the county commissioners had ordered to be raised four feet in a certain hollow, the plaintiff may, for the purpose of proving that he had raised the road four feet, as ordered, and in good faith supposed that he had so raised it, give evidence that the commissioners, before they made the order, placed a stake in the ground, and stated

that they should require the road to be raised as high as the top of the stake, and that the plaintiff had raised the road to that height.

And in such action against a town, though the plaintiff did not finish his work within the time agreed on between him and the committee of the town, with whom he made the agreement, yet if the committee and other principal inhabitants of the town knew that he continued his work after the agreed time for finishing it had expired, and made no objection to his proceeding, the jury may infer that the town had waived the agreement as to time.

INDEBITATUS ASSUMPSIT " for work done, and materials for the same, provided by the plaintiffs, for the defendants, at their request." At the trial in the court of common pleas, before *Wells*, C. J. the plaintiffs claimed compensation for alterations and repairs made by them on a highway situated in the town of Ware, which were ordered, by the county commissioners of Hampshire, to be made, to their acceptance, by the 10th day of November 1843.

The plaintiffs gave evidence that the defendants, on the 25th of September 1843, chose a committee, at a legal meeting, " to superintend the repairs and alterations on the road, [described,] as recently ordered by the county commissioners," and passed a vote that this committee " be intrusted to contract for the payment of the same on the 1st of May 1844; " that the committee, soon after, " offered the said work at auction, to be done by the lowest bidder, and that the job was bid off by the plaintiffs ; and that they proceeded to construct the work, but did not finish the same until June or July 1844."

The defendants then introduced evidence tending to show that when the work was let out by the committee, they publicly read the order of the commissioners, and announced that the road must be made as follows, viz. that a sluice should be constructed of stone across the road, at a place designated by them, where it was necessary to carry off the water, and prevent the road from being washed away by freshets; that the road should be raised, in a certain hollow, four feet, by building a stone wall on each side, and filling the space with earth ; that said walls should be so far apart as to leave sixteen feet between them for a path to be travelled ; and that

a railing should be constructed, either of stones set upon said wall, two feet apart, and of suitable height, or that poles should be fastened by iron bolts upon large stones to be placed upon said wall. They also introduced evidence tending to show that the road had not been finished so as to conform substantially to any one of the foregoing stipulations.

The plaintiffs thereupon gave evidence tending to show that no such announcement was made when they bid off the work, and that, if it was made, they did not hear it nor know thereof, but believed that nothing more would be required of them than to make the road according to the order of the commissioners. And they introduced evidence of the following facts, as tending to prove that they believed that they had made the road to the acceptance of the commissioners: In June or July 1844, the plaintiffs and the committee met the county commissioners upon the ground, for the purpose of determining whether the road should be accepted. The commissioners directed certain additional filling up of the road to be done, in order to complete the work according to their order, and appointed a time when they would view the road again. This work was done; and at the appointed day two of the commissioners again met the parties upon the ground, and were satisfied that their directions had been complied with; but they directed (as the material used by the plaintiffs would make the road sandy) that two inches of a different soil should be placed upon the top of the road, and stated that if this should be done, they should be satisfied. They further stated, that it was not necessary that more than one commissioner should attend to see if this order were performed. This work was done; and on the appointed day one of the commissioners attended, and expressed himself satisfied that the order had been complied with. The committee attended upon all these occasions, and objected that the contract, in various particulars, had not been performed by the plaintiffs, but did not state, as a ground of objection, that it had not been completed within the time specified by the contract. After this, as well as before, the road was used by the

public for travel; and neither the committee nor the defendants took any further measures to comply with the order of the commissioners directing the repairs.    Some of the committee saw the plaintiffs at work on the road after the 1st of November 1843, and neither they, nor any person in behalf of the defendants, ever gave them notice not to proceed with the work after that time.

The plaintiffs offered to give evidence that the commissioners, before they passed the order for the repairs and alteration of the road, caused a stake to be driven into the ground, in the hollow before mentioned, and stated that they should require the road to be raised as high as the top of said stake; and also evidence that the plaintiffs had raised the road accordingly.    The admission of this evidence was objected to by the defendants; but the judge ruled that it was admissible, as tending to prove that the road had been raised to the height of four feet, as ordered by the commissioners, and also as tending to prove that the plaintiffs, in good faith, supposed that they had performed their contract in this particular; and he left it to the jury to determine whether the road had been raised to the height of four feet.

The jury were instructed as follows: "That although the plaintiffs had not completed their work within the time stipulated, yet the jury might consider whether the town had not waived this stipulation: That it was not necessary that the waiver should be by a vote in town meeting, but that, from the fact that the committee saw the work going on, and appeared before the commissioners at the completion, without making any objection on this account, and from the length of time which elapsed from the 10th of November to the completion of the work, it might be inferred that the officers of the town and the principal inhabitants were acquainted with the work, and did not object or give any notice, and that, as neither the committee nor the town took any other measures to comply with the order of the commissioners, the jury, under all the circumstances, were authorized to infer a waiver in regard to this stipulation: That this action might be

maintained, although the contract had not been performed according to its terms, provided the plaintiffs had, in good faith, done what they believed to be a compliance with the terms of the contract, and had rendered a benefit to the defendants : That if the committee did make the stipulations, as contended by the defendants, yet if the plaintiffs did not know of their having been made, but bid off the contract under the mistaken idea that nothing had been specified in addition to the order of the commissioners, and had, in good faith, performed what they supposed the contract required of them, the action might be maintained, although the commissioners had not legally accepted the work ; in which case the rule of damages would be the value of the work to the defendants, taking the sum bid for it as the basis of calculation, and deducting from that sum such an amount as would enable the defendants to complete the road according to the proposals of the committee, and indemnifying them from any loss they had sustained by the failure of the plaintiffs to perform the contract according to the proposals, with interest on the sum thus found, from the date of the writ."

A verdict was returned for the plaintiffs, and the defendants alleged exceptions to the judge's rulings and instructions.

*A. L. Devens,* for the defendants.   The plaintiffs' misconstruction of their contract did not excuse them.   *Miller* v. *Lord,* 11 Pick. 24.   They were bound to perform the actual contract, in order to recover compensation for their labor.

The evidence as to the height of the stakes was inadmissible ; first, because it was hearsay, and secondly, because it was parol evidence, offered to vary a written contract.

There was not a legal acceptance of the road by the commissioners, according to the contract ; as only one of their number was present, when the matter was concluded.   *Short* v. *Pratt,* 6 Mass. 496.

The road was not finished until long after the stipulated time ; and a town cannot waive a stipulation in a contract, except by a corporate vote.   See *Taft* v. *Inhabitants of Montague,* 14 Mass. 285. *Keyes* v. *Inhabitants of Westford,* 17

Pick. 278. *Hayden* v. *Inhabitants of Madison*, 7 Greenl. 76 *School District in Rumford* v. *Wood*, 13 Mass. 198.

The case shows that the plaintiffs did not substantially complete their work; that is, the defendants offered to show this, and it is now to be taken as if it was so proved. The ruling, that if the plaintiffs had done the defendants a benefit, they should recover, was too broad. Substantial performance, unless waived, is a condition precedent to a recovery. 2 Greenl. on Ev. § 104. *Ellis* v. *Hamlen*, 3 Taunt. 52. *Sinclair* v. *Bowles*, 9 Barn. & Cres. 92. *Stark* v. *Parker*, 2 Pick. 267. *Olmstead* v. *Beale*, 19 Pick. 528. *Hunt* v. *Otis Company*, 4 Met. 466. *Davis* v. *Maxwell*, 12 Met. 286. In the case of *Hayward* v. *Leonard*, 7 Pick. 181, a substantial performance was required, and was proved to the satisfaction of the jury.

*Delano*, for the plaintiffs. This action of implied assumpsit, for work done under a special contract, well lies, on the grounds taken by the judge at the trial. *Hayward* v. *Leonard*, 7 Pick. 181. *Van Deusen* v. *Blum*, 18 Pick. 229. *Smith* v. *Proprietors, &c.* 8 Pick. 178. *Brewer* v. *Inhabitants of Tyringham*, 12 Pick. 547. 2 Smith's Leading Cases, 14, *note*. Good faith in the plaintiffs, and a benefit to the defendants, are the two conditions of a recovery, in a case like this. If so, then the question of waiver is immaterial. See *Lucas* v. *Godwin*, 3 Bing. N. R. 737. 1 Sugd. Vend. (6th Amer. ed.) 295. But the jury have found, if they could so find, that the defendants waived the time of completing the road. See *Inhabitants of Freetown* v. *County Commissioners*, 9 Pick 46, 52, *Inhabitants of Rutland* v. *County Commissioners*, 20 Pick. 81. *Inhabitants of Whately* v. *County Commissioners*, 1 Met. 341. *Drury* v. *Inhabitants of Worcester*, 21 Pick. 44. *Commmonwealth* v. *Inhabitants of Westborough*, 3 Mass. 406. These cases show that a town may make a waiver without a corporate vote.

If there was not a legal acceptance of the road, yet the defendants have waived such an acceptance. But there was a legal acceptance. If the commissioners did not accept the

road, they should have ordered the work to be finished at the expense of the defendants. Their omission to make such order shows that the work was done to their satisfaction; and this is tantamount to an acceptance, if not identical with it. If there was any thing to be waived by the defendants, their opening of the road, and continuing it open, was a waiver, and they cannot now object that it was not accepted. This would be taking advantage of their own wrong.

Though the case states or assumes that there was not a egal acceptance, yet this is a question of law, on the facts reported, and the plaintiffs are not estopped to insist that there was a legal acceptance, which is not required to be proved by record evidence. See *Bliss* v. *Inhabitants of Deerfield,* 13 Pick. 102. *Inhabitants of New Salem, Petitioners,* 6 Pick. 470.

The evidence, which was objected to, was rightly received, to show good faith in the plaintiffs, and also to fix the point to which the road was to be raised, in the hollow. 1 Greenl. on Ev. §§ 52, 108, 146. *O'Kelly* v. *O'Kelly,* 8 Met. 440.

The rule of damages was correctly stated to the jury. *Hayward* v. *Leonard,* 7 Pick. 181. *Brewer* v. *Inhabitants of Tyringham,* 12 Pick. 547. Sedgwick on Damages, 219, & note.

*R. A. Chapman* replied.

WILDE, J. This is an action of assumpsit, on an implied promise, to recover compensation for repairs and alterations made in a road in the defendant town. These repairs and alterations were made under a special contract, and it is admitted that the work was not completed within the time limited by the contract. We are, nevertheless, of opinion that the plaintiffs are entitled to recover on an implied promise, if the evidence reported was rightly admitted, and if the instructions to the jury were correct. The evidence offered by the plaintiffs had a tendency to prove that the work was done in good faith, and, as the plaintiffs supposed, agreeably to the contract, except as to the time of its completion, and that the defendants had waived the plaintiffs' compliance with their contract in this respect. That this was competent evidence

according to the doctrine laid down in *Hayward* v. *Leonard,* 7 Pick. 181, cannot be doubted. And we are satisfied that the doctrine there laid down is correct; and that, in the present case, there was no misdirection to the jury. It is true that there are conflicting authorities on the question; but we adhere to the decision in *Hayward* v. *Leonard,* which is conformable to manifest justice, and is supported by the modern authorities.

In *Farnsworth* v. *Garrard,* 1 Campb. 39, Lord Ellenborough lays down the rule thus, after a consultation with the other judges: "I now consider this as the correct rule; that if there has been no beneficial service, there shall be no pay; but if some benefit has been derived, though not to the extent expected, this shall go to the amount of the plaintiff's demand, leaving the defendant to his action for negligence. The claim shall be coëxtensive with the benefit." In *Chapel* v. *Hickes,* 2 Crompt. & Mees. 214, Bayley, B. says, "the rule is, that if the contract be not faithfully performed, the plaintiff shall be entitled only to recover the value of the work and materials supplied." The same rule is laid down by Parke, J. in *Thornton* v. *Place,* 1 M. & Rob. 219. And in *Read* v. *Rann,* 10 Barn. & Cres. 441, the same learned judge says, "in some cases, a special contract, not executed, may give rise to a claim in the nature of a *quantum meruit,* ex gr. where a special contract has been made for goods, and goods sent, not according to the contract, are retained by the party, there a claim for the value on a *quantum valebant* may be supported; but then, from the circumstances, a new contract may be implied." The same rule is laid down by Starkie, in cases where a complete return and rescinding of the contract are impracticable from the nature of the case. He says, it seems now to be settled, that if the work has been defectively performed, the plaintiff cannot recover but on a *quantum meruit* for the labor, and *quantum valebant* for the materials, to the amount of the benefit actually derived. 3 Stark. Ev. 1768. These and other cases and authorities are cited and discussed in a note in 2 Smith's Leading Cases, 14,

where the rule is thus laid down, as applicable to cases in which something has been done under a special contract, but not in strict accordance with the terms of the contract : " In such a case, the party cannot recover the remuneration stipulated for in the contract, because he has not done that which was to be the consideration for it.   Still, if the other party have derived any benefit from his labor, it would be unjust to allow him to retain that without paying any thing.   The law therefore implies a promise on his part to pay such a remuneration as the benefit conferred upon him is reasonably worth ; and to recover that quantum of remuneration, an action of indebitatus assumpsit is maintainable."

This rule is applicable to those cases in which the labor has been performed in good faith, and not to those where the party has intentionally, and without necessity or sufficient reason, failed to comply with the stipulations of his contract. The rule, thus limited in its application, is, we think, correct in principle, and is supported by the modern authorities, whatever doubts may have existed in earlier times.   And it fully sustains the rulings of the court, and the instructions to the jury, in the present case.

The evidence had a tendency to prove that the labor was performed by the plaintiffs in good faith, and that the defendants cannot, in good faith, object to the non-performance within the time stipulated by the contract.   When they had notice that the plaintiff was working on the road after that time, they were in good faith bound to give notice of their objection; and having failed so to do, they must be presumed to have waived it.   The question of fact, however, was rightly left to the jury, and the instruction to them was correct.                           *Exceptions overruled.*